IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3043-FL

| | | |
|---|---|---|
| FURMAN ALEXANDER FORD,<br><br>Plaintiff,<br><br>v.<br><br>KIERNAN WHITWORTH and ETHAN ONTJES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint February 17, 2026, alleging violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In addition, pro se pleadings should be "liberally construed" and they are "held to less

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).[1]

In Bivens, the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Iqbal, 556 U.S. at 675; Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). Generally, a Bivens claim requires allegations showing that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Turning to allegations in the complaint, plaintiff alleges defendants, acting in the course and scope of their employment for the federal government, violated his due process rights under the Fifth Amendment by misrepresenting various evidence at plaintiff's trial. (Compl. (DE 1) at 9–13). Specifically, plaintiff alleges defendant Kiernan Whitworth, a special agent for the Federal Bureau of Investigation, "willingly made false statements and material omissions in his grand jury testimony." (Id. at 9). Plaintiff also alleges defendant Ethan Ontjes, an Assistant United States Attorney, acted "deceitfully" at trial and both defendants "willfully conspired in a scheme to pervert the mechanism of criminal process" which "exposed Plaintiff to a trial infected by the abuse of process." (Id. at 10). Plaintiff seeks $50,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, and costs. (Id. at 13).

[1] All internal citations and quotations are omitted from case citations unless otherwise specified.

Plaintiff fails to state a cognizable claim where the court cannot extend the Bivens remedy to plaintiff's claim. In Bivens, the Supreme Court recognized an implied cause of action for damages against federal officers where the officers searched a residence and arrested the plaintiff without a warrant or probable cause, and used excessive force. 403 U.S. 388, 397 (1971). Since Bivens was decided in 1971, the Supreme Court has authorized a damages remedy against federal officers for constitutional violations in only two additional contexts: 1) a Fifth Amendment equal protection claim alleging gender discrimination in congressional employment, see Davis v. Passman, 442 U.S. 228 (1979); and 2) an Eighth Amendment claim by a federal prisoner alleging prison officials were deliberately indifferent to his serious medical needs by failing to treat his asthma, see Carlson v. Green, 446 U.S. 14 (1980). The Supreme Court, however, "has consistently declined to extend Bivens to new contexts." Goldey v. Fields, 606 U.S. 942, 945 (2025); see Mays v. Smith, 70 F.4th 198, 201–06 (4th Cir. 2023). Indeed, the Supreme Court "has declined to countenance Bivens actions in any additional context." See Tun-Cos v. Perrotte, 922 F.3d 514, 521 (4th Cir. 2019) (collecting cases). The Supreme Court has "all but closed the door on Bivens [actions]" that do not correspond to one of the three prior cases. Dyer v. Smith, 56 F.4th 271, 277 (4th Cir. 2022). And extending Bivens beyond the three approved contexts has become a "disfavored" judicial action. See Ziglar v. Abbasi, 582 U.S. 120, 135 (2017).

Plaintiff therefore fails to state a cognizable claim upon which relief may be granted under Bivens because plaintiff's allegations that defendants violated his due process rights under the Fifth Amendment fall outside the three approved contexts for a Bivens action and plaintiff cannot make the required showing for extending Bivens to the new context here. See Dyer, 56 F.4th at

277. Accordingly, plaintiff's complaint does not survive initial review and must be dismissed. See 28 U.S.C. § 1915(e)(2)(B).

**CONCLUSION**

Based on the foregoing, plaintiff's complaint is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge